UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LYLA WHITSON, on behalf of herself and all
others similarly situated,

                Plaintiff,

-vs-                                                      Case No.  2:09-cv-739-FtM-29SPC

CHICKS AHOY, INC., a Florida Profit Corporation
doing business as Oasis Restaurant; BONNIE G.
GRUNBERG, individually; TAMMIE J.
SHOCKEY, individually,

                Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Joint Motion for Approval of FLSA Settlement (Doc. #15) filed on January 20, 2010.  The parties indicate they have reached a settlement of the Plaintiff's claims against the Defendants.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq*. The Parties have reached a settlement agreement and seek court approval of that agreement.  In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982),  the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  In the Joint Motion for Approval submitted by the Parties, (Doc. # 15), the Parties represent that to avoid the expense and inconvenience of litigation, a settlement has been reached in a bona fide good faith dispute and is

deemed fair and reasonable. The compromise of the original claim reached between the parties including attorney's fees and costs is to be distributed as outlined below.

The parties have agreed to a settlement amount of $300.00 for the Plaintiff. The Plaintiff's Counsel, Berke & Lubell, will receive $1,287.31 as attorneys fees, which was negotiated separately, and $412.61 as costs. Counsel indicatees the total settlement amount comes to $2,000.00 (actual $1999.92). Further, the agreement provides that in the event timely payments are not made, the Defendants shall pay an additional $1,000.00 as liquidated damages.

With regard to attorney's fees, the Court recognizes the ruling in Bonetti v. Embarq. Mgmt. Co., 2009 WL 2371407 (M.D. Fla. Aug. 2009)[1]. In accordance with Bonetti, Counsel has indicated the issue of attorneys fees and costs has been negotiated and settled independent and in seriatim of the Plaintiff's claims.

Because the Plaintiff has agreed that the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with his attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED**

The Joint Motion for Approval of FLSA Settlement (Doc. #15) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court. It is further respectfully

---

[1] The Bonetti Court held if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorney's fees and costs would no longer require approval using the lodestar approach.

recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this  21st   day of January, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record